UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-1513 FLA (PVC)                                    Date: January 5, 2023

Title        Alexander Jonathan Carlos v. Tammy L. Campbell, Acting Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**   **[IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE STAY IN THIS ACTION SHOULD NOT BE LIFTED FOR PETITIONER'S FAILURE TO FILE A STATUS REPORT AND THIS ACTION NOT BE DISMISSED BECAUSE THE PETITION IS COMPLETELY UNEXHAUSTED**

Petitioner, a California state prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254 on February 27, 2022.[1] ("Petition," Dkt. No. 1). The Petition raises two grounds for federal habeas relief: (1) the trial court improperly denied Petitioner's *Marsden* motion to fire his court-appointed attorney and allow him to represent himself; and (2) ineffective assistance of trial counsel for failure to subpoena key witnesses. (Pet. at 3–4, 9–15).

It appears that both claims are unexhausted. Accordingly, on October 14, 2022, the Court gave Petitioner until November 4, 2022, to either (1) provide evidence that his two grounds are exhausted, (2) voluntarily dismiss this action, or (3) request a stay

---

[1] Tammy L. Campbell, Acting Warden of California State Prison–Corcoran (CSP-COR), where Petitioner is currently incarcerated, is substituted for the "Superior Court of California County of Los Angeles," the Respondent named in the Petition. Fed. R. Civ. P. 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-1513 FLA (PVC)                                    Date: January 5, 2023

Title      Alexander Jonathan Carlos v. Tammy L. Campbell, Acting Warden

pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Dkt. No. 16). On October 27, 2022, Petitioner requested a *Rhines* stay so that he could exhaust his two claims. (Dkt. No. 17).

On November 8, 2022, the Court granted Petitioner's motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Dkt. No. 18). As a condition of the stay, Petitioner was ordered to file a status report beginning on December 15, 2022, and every 45 days thereafter. (*Id.* at 5). Petitioner was instructed that each status report "must set forth the status of each pending or anticipated state habeas petition and all activity that has occurred since the filing of the previous Status Report, including the name of the court where Petitioner's most recent state habeas petition was filed and the status of that petition." (*Id.*). Petitioner was also instructed to "attach a current copy of any filings made by Petitioner and any orders or decisions that the state court has issued." (*Id.*). The Court expressly admonished Petitioner that any "**[f]ailure to act diligently in exhausting Grounds One and Two may result in a recommendation that the stay be lifted, and this action dismissed without prejudice for failure to exhaust.**" (*Id.*). Petitioner was further warned that any "**[f]ailure to act diligently in exhausting Grounds One and Two may result in a recommendation that the stay be lifted, and this action dismissed without prejudice for failure to exhaust.**" (*Id.*).

As noted, Petitioner's first status report was due December 15, 2022. However, as of the date of this Order, Petitioner has neither filed a status report nor requested an extension of time in which to do so.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within **14 days** of the date of this Order, why the stay in this action should not be lifted for Petitioner's failure to file the required status report and this action not be dismissed because the Petition is completely unexhausted. Petitioner may discharge this OSC by filing either (1) a status report setting forth the information required by the Court's Order granting a stay or (2) a declaration, under oath, explaining why he is unable to do so. Petitioner is advised that if the stay is lifted, the Court will recommend that the Petition be dismissed because it contains unexhausted claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 22-1513 FLA (PVC)                              Date: January 5, 2023

Title          Alexander Jonathan Carlos v. Tammy L. Campbell, Acting Warden

     Alternatively, if Petitioner no longer wishes to pursue his unexhausted claims, he may voluntarily dismiss this action.  Petitioner is cautioned, however, that if he voluntarily dismisses his unexhausted claims, those claims may be barred as untimely or successive if he attempts to reassert them in a future habeas action.  **A blank notice of dismissal is attached for Petitioner's convenience.**

     **Petitioner is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline may result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

     IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |