# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  CV 22-1513 FLA (PVC) | Date: January 26, 2023 |
| Title  Alexander J. Carlos v. Superior Court of California, County of Los Angeles | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:  [IN CHAMBERS] ORDER DISCHARGING JANUARY 5, 2023 ORDER TO SHOW CAUSE (Dkt. No. 19); and ISSUING AN ORDER TO SHOW CAUSE WHY THIS ACTION NOT BE DISMISSED FOR FAILURE TO (1) PROVIDE A CURRENT ADDRESS and (2) DILIGENTLY EXHAUST GROUNDS ONE AND TWO**

Petitioner, a California state prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254 on February 27, 2022.  ("Petition," Dkt. No. 1).  The Petition raises two grounds for federal habeas relief: (1) the trial court improperly denied Petitioner's *Marsden* motion to fire his court-appointed attorney and allow him to represent himself; and (2) ineffective assistance of trial counsel for failure to subpoena key witnesses.  (Pet. at 3–4, 9–15).

It appears that both claims are unexhausted.  Accordingly, on November 8, 2022, the Court granted Petitioner's motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  (Dkt. No. 18).  As a condition of the stay, Petitioner was ordered to file a status report beginning on December 15, 2022, and every 45 days thereafter.  (*Id.* at 5).  Petitioner was instructed that each status report "must set forth the status of each pending or anticipated state habeas petition and all activity that has occurred since the filing of the previous Status Report, including the name of the court where Petitioner's most recent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-1513 FLA (PVC)                                    Date: January 26, 2023

Title          Alexander J. Carlos v. Superior Court of California, County of Los Angeles

state habeas petition was filed and the status of that petition." (*Id.*). Petitioner was also instructed to "attach a current copy of any filings made by Petitioner and any orders or decisions that the state court has issued." (*Id.*).

On January 5, 2023, after Petitioner failed to file his first status report or request an extension of time in which to do so, the Court issued an Order to Show Cause why the stay in this action should not be lifted for Petitioner's failure to file the required status report and this action not be dismissed because the Petition is completely unexhausted. ("OSC," Dkt. No. 19). On January 23, 2023, Petitioner filed a response to the OSC. ("Response," Dkt. No. 20). In his Response, Petitioner asserts that he has been unable to comply with the Court's orders because he has (1) been transferred twice to different prisons; (2) been in ad-seg housing with limited access to the law library and legal mail; and (3) not received his personal legal material following his transfers. (*Id.* at 1–2). The Court will construe the Response as Petitioner's status report due December 15, 2022. Accordingly, the Court will discharge the January 5, 2023 Order to Show Cause. Nevertheless, the Petition is subject to dismissal because of Petitioner's failure to provide a current address and diligently exhaust grounds One and Two.

### Failure To Provide a Current Address

In his Response, Petitioner asserts that he has been "transferred from Corcoran State Prison to Wasco State Prison and later to California State Prison Folsom thereafter where [he is] currently housed." (Dkt. No. 20 at 1). But Petitioner mailed his Response from California State Prison-Sacramento. (*Id.* at 3). Nevertheless, Petitioner has failed to provide any notice to the Court or Respondent of his current address of record.

Petitioner is admonished that pursuant to the Court's Local Rules, he has an obligation to keep the Court informed of his current address of record <u>or the Court may dismiss this action</u>:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-1513 FLA (PVC)                                             Date: January 26, 2023

Title         Alexander J. Carlos v. Superior Court of California, County of Los Angeles

and email address.  If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

C.D. Cal. L.R. 41-6.  Petitioner is aware of his obligation to keep the Court informed of his current address, having previously filed notices of change of address in April and October 2022. (Dkt. Nos. 4, 13).

### Failure To Diligently Exhaust Grounds One and Two

In granting Petitioner's request for a stay, the Court expressly admonished Petitioner "**to act diligently in exhausting Grounds One and Two.**"  (Dkt. No. 18 at 5). He was further warned that any "**[f]ailure to act diligently in exhausting Grounds One and Two may result in a recommendation that the stay be lifted, and this action dismissed without prejudice for failure to exhaust.**" (*Id.*).  Finally, the Court gave Petitioner until **December 8, 2022**, to file his habeas petition in the California Court of Appeal.  (*Id.*).

The Court finds that Petitioner has failed to act diligently in exhausting Grounds One and Two.  Despite asserting that he has been in ad-seg from August 4, 2022, through January 18, 2023 (*See* Dkt. No. 20 at 1), Petitioner has been able to file multiple documents in this Court during that time.  (Dkt. Nos. 12, 13, 17).  Further, Petitioner filed a habeas petition in Los Angeles Superior Court almost a year ago, which appears to have addressed the claims that he now seeking to exhaust. (*See* Dkt. No. 7 at 8–9).  Thus, it should not take Petitioner much time or effort to file a similar habeas petition in the California Court of Appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-1513 FLA (PVC)                                      Date: January 26, 2023

Title         Alexander J. Carlos v. Superior Court of California, County of Los Angeles

**Conclusion and Order**

The January 5, 2023 Order to Show Cause (Dkt. No. 19) is **DISCHARGED**.

Petitioner is **ORDERED TO SHOW CAUSE** by **February 28, 2023**, why this action should not be dismissed pursuant to Local Rule 41-6 for Petitioner's failure to provide a current address.  Petitioner may discharge this portion of the Order by filing a separate notice, advising the Court of his current address of record.

Petitioner is also **ORDERED TO SHOW CAUSE** by **February 28, 2023**, why the stay in this action should not be lifted for Petitioner's failure to act diligently in exhausting Grounds One and Two and this action not be dismissed because the Petition is completely unexhausted.  *See Rhines*, 544 U.S. at 277 (A "petition should not be stayed indefinitely."); *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003) ("If Petitioner fails to act within the allotted time, the stay may be vacated …."), overruled on other grounds by *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007).  Petitioner is expressly advised that if the stay is lifted, the Court will recommend that the Petition be dismissed because it contains unexhausted claims.

Petitioner may discharge this portion of the Order by filing either (1) a status report confirming that he has filed a habeas petition in the California Court of Appeal to exhaust Grounds One and Two, which includes the information required by the Court's Order granting a stay or (2) a declaration, under oath, explaining why he has been unable to file the habeas petition in the California Court of Appeal.  **Petitioner is expressly warned, however, that absent very extenuating circumstances—which were NOT present in the Response to the OSC—the Court will not excuse any further delays in exhausting Grounds One and Two.**

Alternatively, if Petitioner no longer wishes to pursue his unexhausted claims, he may voluntarily dismiss this action.  Petitioner is cautioned, however, that if he voluntarily dismisses his unexhausted claims, those claims may be barred as untimely or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 22-1513 FLA (PVC)                                    Date: January 26, 2023

Title       Alexander J. Carlos v. Superior Court of California, County of Los Angeles

successive if he attempts to reassert them in a future habeas action.  **A blank notice of dismissal is attached for Petitioner's convenience.**

**Petitioner is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline will result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk shall mail a copy of this Order to Petitioner's address of record along with a copy to Petitioner at:

Alexander J. Carlos
CDC BN5303
California State Prison—Sacramento
Facility/Bed A4-226-IU
PO Box 290066
Represa, CA 95671


IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |